1  JOHN L. BURRIS, ESQ.   CSB#69888
   LAW OFFICES OF JOHN L. BURRIS
2  Airport Corporate Centre
3  7677 Oakport Street, Suite 1120
   Oakland, CA  94621-1939
4  Tel: (510) 839-5200
   Fax: (510) 839-3882
5  E/M: John.Burris@JohnBurrisLaw.com

6  Attorneys for Toby Wilson (plaintiff)

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          (SACRAMENTO)

11

12  TOBY WILSON,                          CIVIL NO.

13
              Plaintiff,                  COMPLAINT FOR DAMAGES
14                                        (CIVIL RIGHTS)

15  vs

16
    CITY OF VALLEJO; M. THOMPSON;         **JURY TRIAL DEMANDED**
17  D. JOSEPH; M. NICOL, J. JAKSCH;
    B. CLARK; ROBERT NICHELINI;
18  and DOES 1 –15, inclusive,

19
              Defendants.
20  --------------------------------------------------/

21                          JURISDICTION

22
        1.      This action arises under Title 42 of the United States Code, Section
23
24  1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

25  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section

26  1331 and 1343.  The Eastern District is the proper venue in that all the acts complained

27  of occurred in the City of Vallejo, which is within this judicial district and defendant

28  City of Vallejo is domiciled within this judicial district.  Plaintiff requests the Court

_____
**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**                    1

1   exercise jurisdiction over pendent state claims and causes of action under Title 28 of

2   the United States Code, Section 1367.  With respect to state causes of action, Plaintiff

3   filed suit within the time periods prescribed by California Government Code §§ 911.2

4   and 945.6.  The requisite claim was filed on January 18, 2011, within six months of the

5   incident underlying the claim and that claim is still pending at the responsible agency.

6   All administrative requirements precedent to bringing suit against these defendants and

7   upon the causes of action set forth herein have been fulfilled.

8   

9                                              PARTIES

10          2.      Plaintiff TOBY WILSON is, and at the time of the incident related

11   herein was, a natural person, a citizen of the United States, and a resident of the State

12   of California.

13          3.      Plaintiff alleges that CITY OF VALLEJO is a governmental entity

14   subject to suit pursuant to 42 U.S.C. § 1983 and Monell vs Dept. of Social Services,

15   436 U.S. 658 (1978).  ROBERT NICHELINI is the Chief of Police for the CITY OF

16   VALLEJO and is a policymaking official who supervises all personnel of the CITY OF

17   VALLEJO Police Department, including the individually named defendants.

18          4.      Defendants M. THOMPSON, D. JOSEPH, M. NICOL, J. JAKSCH,

19   and B. CLARK were at all times mentioned herein employed by defendant CITY OF

20   VALLEJO and the CITY OF VALLEJO Police Department and are sued in their

21   official capacities as law enforcement officers for the CITY OF VALLEJO and in their

22   personal capacities.  In engaging in the conduct described herein, while said defendants

23   acted under the color of law in the course and scope of their employment, they

24   exceeded the authority vested in them by the United States Constitution and by the

25   CITY OF VALLEJO.

_____

**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**                    2

5.      Plaintiff is ignorant of the names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein, as DOES 1 through 15, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were proximately caused by such defendants.

6.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned the defendants, including those defendants sued as "DOE", and each of them, were the agents and employees of each of the other defendants, and in doing the things hereinafter alleged were acting within the scope of their authority as such agents and employees, and with the permission and consent of each other.  The relationships between Defendants were and are created by agreement, by ratification, by ostensible authority or otherwise, and this paragraph is not a limitation on the manner in which said relationships were created as a matter of fact or a matter of law.

STATEMENT OF FACTS

7.      Plaintiff hereby incorporates paragraphs 1 through 6 by reference, as though the allegations therein were realleged at length and in full.

8.      On July 17, 2010 at approximately 7:30 p.m., plaintiff was sleeping in his home at 2011 Redwood Street in Vallejo, California.  He had earlier had a verbal dispute with a neighbor, as a result of which, the police were called.  The defendants, CITY OF VALLEJO police officers M. THOMPSON, D. JOSEPH, M. NICOL, J.

JAKSCH, and B. CLARK responded and initially observed plaintiff TOBY WILSON on the second floor balcony of his apartment building.  Although they called to him and requested that he come down and talk with them, WILSON went inside, locked the door and went to sleep.

9.      The defendants made a forcible "dynamic" entry into the apartment unit by shooting out a window, then deployed a "flashbang grenade" and forced entry. Once inside, the defendant officers saw WILSON lying on the bed, shirtless.  He was asleep and unresponsive.  Defendants JOSEPH and NICOL each fired their tasers, striking WILSON at least three times following which defendant THOMPSON had his K-9 "apprehend" WILSON.  WILSON was awakened by the taser/K-9 attack and began to thrash around trying to defend himself.  At least one defendant officer, while WILSON was struggling with the K-9 and affected by the taser barbs, struck him in the face several times.  WILSON was placed in handcuffs and, having sustained grievous injuries, was transported by ambulance to the hospital for medical treatment. WILSON was not charged with an offense.

## DAMAGES

10.      As a proximate result of the defendants' conduct, and each of them, plaintiff WILSON was painfully injured and was required to seek medical care.  He was extensively and grotesquely wounded by the assault of the K-9 and traumatized by being tased and punched in the face.  He sustained severe emotional distress, anxiety and loss of his sense of security, dignity, and pride as a result of the unlawful detention and use of force against him.

1
2
3
4

11.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law and is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of his civil rights.

5
6
7
8

FIRST CAUSE OF ACTION
Violation of 42 U.S.C. § 1983
( Defendants M. THOMPSON, D. JOSEPH,
M. NICOL, J. JAKSCH, and B. CLARK,
and DOES 1 through 15)

9
10

12.     Plaintiff hereby incorporates paragraphs 1 through 11 by reference, as though fully set forth herein.

11
12
13
14

13.     In doing the acts complained of herein, Defendants acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to the right not to be deprived of liberty without due process of law and the right to be free from the use of excessive force and unlawful seizure.

15
16
17

14.     As a proximate result of Defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth herein.

18

WHEREFORE, Plaintiff prays for relief as set forth herein.

19
20

SECOND CAUSE OF ACTION
Violation of 42 U.S.C. § 1983
(Defendant CITY OF VALLEJO)

21
22

15.     Plaintiff hereby incorporates paragraphs 1 through 14 by reference, as though fully set forth herein.

23
24
25
26
27
28

16.     Defendant CITY OF VALLEJO was, prior to the incident giving rise to this complaint, given notice of a pattern of ongoing constitutional violations and unlawful practices, and likely continuance of same by the individually named sheriff's deputies.   Said practices have resulted in, and continue to result in injury to citizens residing in the CITY OF VALLEJO.  Despite this notice, defendant demonstrated

deliberate indifference to this pattern of practices by failing to take necessary and appropriate measures to insure that said deputies did not continue to engage in such misconduct and that they reported such misconduct when it occurred.   Defendant ROBERT NICHELINI is, and at all times herein mentioned herein was, Chief of Police for the CITY OF VALLEJO and was responsible, as a policymaking official, for personnel practices of the CITY OF VALLEJO with respect to its law enforcement officers and the implementation of, and compliance with, training standards, including arrests of criminal suspects. The lack of an adequate supervisorial or executive response by defendant CITY OF VALLEJO in this and other instances demonstrates the existence of an informal custom or policy which tolerates the continued violation of civil rights of citizens by CITY OF VALLEJO police officers acting under the color of law.  The acts of the individual defendant officers were foreseeable and proximate results of that indifference.

17.    As a proximate result of Defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

THIRD CAUSE OF ACTION
California Civil Code §52.1(b)
( Defendants M. THOMPSON, D. JOSEPH,
M. NICOL, J. JAKSCH, and B. CLARK,
and DOES 1 through 15)

18.    Plaintiff hereby incorporates paragraphs 1 through 17 by reference, as though fully set forth herein.

19.    The conduct of Defendants, as described herein, interfered with Plaintiff's enjoyment of his rights under the constitution of the state of California, including his right to be free from violence or the threat of violence.  Under the

provisions of the Civil Code, Defendants are liable for exemplary damages and for twenty-five thousand dollars ($25,000) in addition thereto for each offense, and for the payment of plaintiff's attorney fees.

20.     As a proximate result of Defendants' wrongful conduct, Plaintiff suffered violations of his constitutional rights and sustained damages.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FOURTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
( Defendants M. THOMPSON, D. JOSEPH,
M. NICOL, J. JAKSCH, and B. CLARK,
and DOES 1 through 15)

21.     Plaintiff hereby incorporates paragraphs 1 through 20 by reference as though fully set forth.

22.     Defendants knew, or had reason to know that their conduct would cause plaintiff severe emotional distress and it did in fact cause plaintiffs extreme emotional and mental anguish, humiliation, and financial distress.

23.     The aforementioned acts of the individual Defendants were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment as set forth herein.

### FIFTH CAUSE OF ACTION
Assault and Battery
( Defendants M. THOMPSON, D. JOSEPH,
M. NICOL, J. JAKSCH, and B. CLARK,
and DOES 1 through 15)

24.     Plaintiff hereby incorporates paragraphs 1 through 23 by reference, as though fully set forth herein.

COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)                    7

25.     Defendants placed plaintiff in immediate fear of severe bodily harm by attacking him without just provocation or cause.  Defendants committed battery against plaintiff by shooting him repetitively with a taser, instigating a K-9 attack against Plaintiff and punching him in the face several times while he was being chewed on by a K-9.  As a proximate result of Defendants' wrongful conduct, Plaintiff suffered damages as alleged.

26.     Plaintiff was required to retain counsel to redress the wrongful conduct by Defendants alleged herein and is consequently entitled to an award of reasonable attorney's fees.

27.     The conduct of Defendants sued in their personal capacity and as described herein, was done with a conscious disregard of Plaintiff's rights and constitutes oppression, fraud or malice.  Plaintiff is therefore entitled to punitive damages in an amount appropriate to punish or set an example of defendants for the public good.

WHEREFORE, Plaintiff prays for as set forth herein.

### JURY DEMAND

28.  Plaintiff demands that a jury try this matter.

### PRAYER

WHEREFORE, plaintiff prays for relief as follows.

1.  For special damages in an amount to be ascertained according to proof;

2.  For general damages to be proven;

3.  For statutory penalties;

4.  For punitive damages against individually named defendants in an amount

sufficient to punish their conduct and to set an example such that similar

conduct is abated and/or deterred;

5.   For reasonable attorney's fees;

6.   For costs of suit incurred herein; and

7.   For such other and further relief as the Court may deem just and proper.

Dated: February 29, 2012               LAW OFFICES OF JOHN L. BURRIS


                                       By:____/S/JOHN L. BURRIS_____
                                             John L. Burris, Esq.
                                       Attorneys for Toby Wilson (Plaintiff)

**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**

9