```
JONES & DYER
A Professional Corporation
1800 J Street
Sacramento, California 95811
Telephone: (916) 552-5959
Fax: (916) 442-5959

MARK A. JONES, SBN 96494
SCOTT H. CAVANAUGH, SBN 245261
```

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY WILSON,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, M. THOMPSON, D. JOSEPH, M. NICOL, B. CLARK, J. JAKSCH,, ROBERT NICHELINI, and DOES 1-15, inclusive,<br><br>　　　　　　　　Defendants. | NO. 2:12-CV-000547-JAM-CKD<br><br>**STIPULATION TO PROTECTIVE ORDER AND ORDER** |

　　　IT IS HEREBY STIPULATED BY ALL PARTIES to this action by and through their attorneys of record, that in order to protect the confidentiality of the records described below, any of said records disclosed are subject to a protective order (and designated as "Confidential Material") as follows:

　　　1.　　The documents identified in City of Vallejo's Initial Disclosure Statement (FRCP §26(a)), in paragraph B thereof, including the following:

　　　　　　a.　　City of Vallejo Computer Assisted Dispatch (CAD) Report Bates stamped DEF 1-3.

　　　　　　b.　　Plaintiff Toby Wilson's criminal history report Bates stamped DEF 4-10.

|   |   |   |   |
|---|---|---|---|
| 1 |   | c. | All City of Vallejo Department's policy and procedure manuals, training manuals, training and procedure memorandum and bulletins, and all other documents which set forth Department operational, training and tactical policy and procedure, including but not limited to, those documents Bates stamped DEF 11-47. |
|   | d. | Vallejo Police Department digital recording system record of police communication and transcript thereof. |
|   | e. | Any internal affairs investigative documents, internal memorandum, reports of witnesses or summaries thereof. |
| 2. | Confidential material may not be disclosed except as set forth in paragraphs 3- 5. |
| 3. | Confidential Material may be disclosed only to the following persons: |
|   | a. | Counsel for any party to this action. |
|   | b. | Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 4(a); |
|   | c. | Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action; |
|   | d. | Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; |
|   | e. | Any "in house" expert designated by defendant to testify at trial in this matter; |
|   | f. | Witnesses, other than the plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph 5; |
|   | g. | Any Neutral Evaluator or other designated ADR provider; and |
|   | h. | Parties to this action. |
|   | i. | The jury, should this matter go to trial. |

**STIPULATION TO PROTECTIVE ORDER AND [proposed] ORDER**

-2-

4. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this order.  Defendants City of Vallejo,  M. Thompson,  D. Joseph, M. Nicol, B. Clark, J. Jaksch,, Robert Nichelini shall be entitled to retain possession of the original writings described above.  Nothing in this paragraph 4 is intended to prevent officials or employees of the City of Vallejo or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen.  Further, nothing in this order prevents a witness from disclosing event or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Vallejo with respect to what she/he saw, heard, or otherwise sensed.

5. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the City of Vallejo.  Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to defendants.

6. Any document filed with the Court that reveals Confidential Material shall be submitted to the court under the provisions of the Local Rules regarding the sealing of  documents.

7. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

8. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from

any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

Dated: July 19, 2012             JONES & DYER

                                 By:   /s/ Mark A. Jones
                                       MARK A. JONES
                                       Attorneys for Defendants City of Vallejo, M. Thompson, D. Joseph, M. Nicol, B. Clark, J. Jaksch,, Robert Nichelini

Dated: July 19, 2012             LAW OFFICES OF JOHN L. BURRIS

                                 By:   /s/ John L. Burris
                                       JOHN L. BURRIS
                                       Attorney for Plaintiff, Toby Wilson

### ORDER

The Court having considered the foregoing stipulation of the parties, and good cause appearing, the Court hereby orders that the above-described records relating to this matter, as more specifically described in Paragraph 1 of the Stipulation, be subject to a protective order fully incorporating the provisions set forth above.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: July 24, 2012

                                       _____
                                       CAROLYN K. DELANEY
                                       UNITED STATES MAGISTRATE JUDGE