UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY WILSON,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF VALLEJO; M. THOMPSON; D. JOSEPH; M. NICOL; J. JAKSCH; B. CLARK; ROBERT NICHELINI, and DOES 1-15, inclusive,<br><br>            Defendants. | No.   2:12-cv-00547-JAM-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Presently before the Court is Defendants City of Vallejo ("the City"), Robert Nichelini, M. Thompson, D. Joseph, M. Nicol, J. Jaksch, and B. Clark's (collectively "Defendants") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. #15).[1] Defendants argue they are entitled to judgment because Plaintiff Toby Wilson's ("Plaintiff") lawsuit is barred by the City's Chapter 9 bankruptcy case. Plaintiff opposes the motion (Doc. #24). Defendants replied (Doc. #29).

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for August 21, 2013.

1

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action arises from Plaintiff's allegations that Defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983.[2] Plaintiff's claims arise out of events that occurred on July 17, 2010. Complaint ¶¶ 8-9.

The City filed for bankruptcy on May 23, 2008. Def. Request for Judicial Notice (Doc. #16) Exh. 1. The United States Bankruptcy Court for the Eastern District of California ("the Bankruptcy Court") ordered that August 16, 2010, would be the deadline by which any proofs of claim against the City needed to be filed in order to be timely. Def. RJN Exh. 2. On August 4, 2011, the Bankruptcy Court approved the City's plan for adjustment of debts ("the Plan"). Def. RJN Exh. 4. The effective date for the plan was November 1, 2011. Def. RJN Exh. 5. Plaintiff filed the Complaint in this Court on February 29, 2012.

II.  OPINION

A.  Request for Judicial Notice

To support their motion, Defendants request that the Court take judicial notice of six court filings relating to the City's bankruptcy proceedings pursuant to Federal Rule of Evidence 201. Def. RJN at pp. 1-2. A court may judicially notice adjudicative facts that are not subject to reasonable dispute and must do so if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(b)-(c). Both parties rely on the

---

[2] Plaintiff also brought state law claims against the individual officers arising from the same conduct. Comp. at pp. 6-7.

chronology established by the documents in arguing their respective positions on the motion. Motion at pp. 4-5; Opp. at p. 2. Defendants' requests are unopposed and are the proper subject of judicial notice. Accordingly, Defendants' Request for Judicial Notice is granted.

In addition, Plaintiff has requested the Court take judicial notice of an order in V.W. ex rel. Barber v. City of Vallejo, No. CIV. S-12-1629 LKK/GGH, 2013 WL 3992403 (E.D. Cal. 2013). Pl. RJN (Doc. #24-1) at p. 1. Defendants oppose the request. Reply at pp. 3-4. The Court has not relied on any specific findings of fact in that case, but does rely on it as relevant and persuasive authority. Accordingly, Plaintiff's request is denied.

B.   Legal Standard

"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

A Rule 12(c) motion for judgment on the pleadings is the functional equivalent of a Rule 12(b)(6) motion, and the same legal standard applies to both. Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). In considering a Rule 12(c) motion, the Court must accept the allegations in the complaint as true and draw all reasonable

inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a Rule 12(c) motion, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Judgment is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion under Rule 12(c), a court must generally limit its review to the pleadings themselves. Hal Roach Studios, 896 F.2d at 1542. However, "documents attached to the complaint and incorporated by reference are treated as part of the complaint, not extrinsic evidence" and, thus, may be considered in a Rule 12(c) motion. Summit Media LLC v. City of L.A., CA, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008) (citing Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 n.4 (5th Cir. 1998)). Extrinsic evidence that is subject to judicial notice may be properly considered in a Rule 12(c) motion. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999).

  C. Discussion

The relevant Chapter 11 discharge provision relating to the City's bankruptcy is found in 11 U.S.C. § 944 (b), which provides: "the debtor is discharged from all debts as of the time

1  when . . . the plan is confirmed. . . ."  Claims against a
2  municipality or its officers in their official capacities that
3  arise from conduct occurring before confirmation of the
4  bankruptcy plan are barred.  O'Laughlin v County of Orange, 229
5  F.3d 871, 874 (9th Cir. 2000); see also V.W., 2013 WL 3992403, at
6  *2.
7      It is undisputed that the events giving rise to Plaintiff's
8  claims occurred prior to confirmation of the Plan and before the
9  Plan went into effect.  Defendants contend Plaintiff failed to
10 follow the proper course, which was to file a timely claim with
11 the bankruptcy court.  Motion at p. 6.  As a result, Defendant
12 argues the claims against the City and the officers in their
13 official capacities are barred and should be dismissed with
14 prejudice.  Id.  In his Opposition, Plaintiff concedes that suit
15 against the City itself is barred by the bankruptcy.  Opp. at p.
16 2-3.  Accordingly, the claims against the City and the officers
17 in their official capacities are dismissed.
18     Defendants argue Plaintiff's claims against the individual
19 officers are likewise discharged by the City's bankruptcy and
20 should also be dismissed.  Motion at p. 8.  Plaintiff argues that
21 the individual officers named in the Complaint have not
22 petitioned for bankruptcy and thus the suit against them in their
23 individual capacities is not barred by the City's bankruptcy.
24 Opp. at pp. 2-3. Defendants' argument is that the City is
25 required to defend civil actions brought against its employees
26 for acts and omissions occurring within the scope of their
27 employment, regardless of whether they are sued in their official
28 or individual capacities, citing Cal. Gov't Code § 995 and

5

Williams v. Horvath, 16 Cal. 3d 834, 843 (1976).  Motion at pp. 8-9.  As a result, Defendants contend any judgment against the officers in their individual capacities is in effect a judgment against the City.  Id.

The Ninth Circuit has found that section 1983 claims against public officials in their individual capacities are distinguishable from claims against the employing public entity regardless of California's indemnification laws.  Demery v. Kupperman, 735 F.2d 1139, 1145-48 (9th Cir. 1984).  Furthermore, "an award of damages against an official in his personal capacity can be executed only against the official's personal assets. . . ."  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  California's indemnification is "a claim separate and apart from the Section 1983 liability claim that underlies it."  V.W., 2013 WL 3992403, at *7.

The City's discharge of its liabilities did not result in discharge of the individual officers' liabilities as well.  See V.W., 2013 WL 3992403, at *7.  Whether the officers would have valid indemnification claims against the City if Plaintiff were to secure a judgment against them is an issue separate from those before this Court.  Accordingly, Defendants' motion is denied insofar as it attempts to dismiss the claims against the officers in their individual capacities.

### III.   ORDER

Defendants' Motion for Judgment on the Pleadings is granted as to Plaintiff's claims against the City and the officers in their official capacities.  Those claims are dismissed with

1  prejudice.
2       Defendants' motion is denied to the extent it seeks to
3  dismiss the claims against the officers in their individual
4  capacities.
5       IT IS SO ORDERED.
6  Dated: September 5, 2013      _____
7                                 JOHN A. MENDEZ,
                                  UNITED STATES DISTRICT JUDGE