1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   TOBY WILSON,                    No.  2:12-cv-00547-JAM-CKD

12              Plaintiff,

13       v.                          **ORDER GRANTING IN PART AND
                                     DENYING IN PART DEFENDANTS'**
14   CITY OF VALLEJO; M. THOMPSON;   **MOTION FOR JUDGMENT ON THE**
     D. JOSEPH; M. NICOL; J.         **PLEADINGS**
15   JAKSCH; B. CLARK; ROBERT
     NICHELINI, and DOES 1-15,
16   inclusive,

17              Defendants.

18

19        Presently before the Court is Defendants City of Vallejo

("the City"), Robert Nichelini, M. Thompson, D. Joseph, M. Nicol,
20
J. Jaksch, and B. Clark's (collectively "Defendants") Motion for
21
Judgment on the Pleadings pursuant to Federal Rule of Civil
22
Procedure 12(c) (Doc. #15).[1]  Defendants argue they are entitled
23
to judgment because Plaintiff Toby Wilson's ("Plaintiff") lawsuit
24
is barred by the City's Chapter 9 bankruptcy case.  Plaintiff
25
opposes the motion (Doc. #24).  Defendants replied (Doc. #29).
26

27   _____

[1] This motion was determined to be suitable for decision without
28   oral argument. E.D. Cal. L.R. 230(g). The hearing was originally
     scheduled for August 21, 2013.

                                1

1        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2        This action arises from Plaintiff's allegations that

3   Defendants deprived him of his constitutional rights in violation

4   of 42 U.S.C. § 1983.[2]  Plaintiff's claims arise out of events

5   that occurred on July 17, 2010.  Complaint ¶¶ 8-9.

6        The City filed for bankruptcy on May 23, 2008.  Def. Request

7   for Judicial Notice (Doc. #16) Exh. 1.  The United States

8   Bankruptcy Court for the Eastern District of California ("the

9   Bankruptcy Court") ordered that August 16, 2010, would be the

10  deadline by which any proofs of claim against the City needed to

11  be filed in order to be timely.  Def. RJN Exh. 2.  On August 4,

12  2011, the Bankruptcy Court approved the City's plan for

13  adjustment of debts ("the Plan").  Def. RJN Exh. 4.  The

14  effective date for the plan was November 1, 2011.  Def. RJN Exh.

15  5.  Plaintiff filed the Complaint in this Court on February 29,

16  2012.

17

18                      II.   OPINION

19  A.   Request for Judicial Notice

20       To support their motion, Defendants request that the Court

21  take judicial notice of six court filings relating to the City's

22  bankruptcy proceedings pursuant to Federal Rule of Evidence 201.

23  Def. RJN at pp. 1-2.  A court may judicially notice adjudicative

24  facts that are not subject to reasonable dispute and must do so

25  if requested by a party and supplied with the necessary

26  information.  Fed. R. Evid. 201(b)-(c).  Both parties rely on the

27  _____

28  [2] Plaintiff also brought state law claims against the individual
    officers arising from the same conduct.  Comp. at pp. 6-7.

2

1  chronology established by the documents in arguing their
2  respective positions on the motion.  Motion at pp. 4-5; Opp. at
3  p. 2.  Defendants' requests are unopposed and are the proper
4  subject of judicial notice.  Accordingly, Defendants' Request for
5  Judicial Notice is granted.
6      In addition, Plaintiff has requested the Court take judicial
7  notice of an order in <u>V.W. ex rel. Barber v. City of Vallejo</u>, No.
8  CIV. S-12-1629 LKK/GGH, 2013 WL 3992403 (E.D. Cal. 2013).  Pl.
9  RJN (Doc. #24-1) at p. 1.  Defendants oppose the request.  Reply
10 at pp. 3-4.  The Court has not relied on any specific findings of
11 fact in that case, but does rely on it as relevant and persuasive
12 authority.  Accordingly, Plaintiff's request is denied.
13      B.   Legal Standard
14      "A judgment on the pleadings is properly granted when,
15 taking all the allegations in the non-moving party's pleadings as
16 true, the moving party is entitled to judgment as a matter of
17 law." <u>Ventress v. Japan Airlines</u>, 603 F.3d 676, 681 (9th Cir.
18 2010) (citations omitted).  "For purposes of the motion, the
19 allegations of the non-moving party must be accepted as true,
20 while the allegations of the moving party which have been denied
21 are assumed to be false." <u>Hal Roach Studios, Inc. v. Richard</u>
22 <u>Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989).
23      A Rule 12(c) motion for judgment on the pleadings is the
24 functional equivalent of a Rule 12(b)(6) motion, and the same
25 legal standard applies to both. <u>Cafasso, United States ex rel.</u>
26 <u>v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1054 n.4 (9th Cir.
27 2011).  In considering a Rule 12(c) motion, the Court must accept
28 the allegations in the complaint as true and draw all reasonable

1    inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

2    U.S. 232, 236 (1974), overruled on other grounds by Davis v.

3    Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

4    (1972).  Assertions that are mere "legal conclusions," however,

5    are not entitled to the assumption of truth.  Ashcroft v. Iqbal,

6    556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

7    550 U.S. 544, 555 (2007)).  To survive a Rule 12(c) motion, a

8    plaintiff needs to plead "enough facts to state a claim to relief

9    that is plausible on its face."  Twombly, 550 U.S. at 570.

10   Judgment is appropriate where the plaintiff fails to state a

11   claim supportable by a cognizable legal theory.  Balistreri v.

12   Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

13       In considering a motion under Rule 12(c), a court must

14   generally limit its review to the pleadings themselves.  Hal

15   Roach Studios, 896 F.2d at 1542.  However, "documents attached to

16   the complaint and incorporated by reference are treated as part

17   of the complaint, not extrinsic evidence" and, thus, may be

18   considered in a Rule 12(c) motion.  Summit Media LLC v. City of

19   L.A., CA, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008) (citing

20   Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887,

21   891 n.4 (5th Cir. 1998)).  Extrinsic evidence that is subject to

22   judicial notice may be properly considered in a Rule 12(c)

23   motion.  Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971,

24   981 n.18 (9th Cir. 1999).

25       C.   Discussion

26       The relevant Chapter 11 discharge provision relating to the

27   City's bankruptcy is found in 11 U.S.C. § 944 (b), which

28   provides: "the debtor is discharged from all debts as of the time

4

1  when . . . the plan is confirmed. . . ." Claims against a

2  municipality or its officers in their official capacities that

3  arise from conduct occurring before confirmation of the

4  bankruptcy plan are barred.  O'Laughlin v County of Orange, 229

5  F.3d 871, 874 (9th Cir. 2000); see also V.W., 2013 WL 3992403, at

6  *2.

7      It is undisputed that the events giving rise to Plaintiff's

8  claims occurred prior to confirmation of the Plan and before the

9  Plan went into effect.  Defendants contend Plaintiff failed to

10 follow the proper course, which was to file a timely claim with

11 the bankruptcy court.  Motion at p. 6.  As a result, Defendant

12 argues the claims against the City and the officers in their

13 official capacities are barred and should be dismissed with

14 prejudice.  Id.  In his Opposition, Plaintiff concedes that suit

15 against the City itself is barred by the bankruptcy.  Opp. at p.

16 2-3.  Accordingly, the claims against the City and the officers

17 in their official capacities are dismissed.

18     Defendants argue Plaintiff's claims against the individual

19 officers are likewise discharged by the City's bankruptcy and

20 should also be dismissed.  Motion at p. 8.  Plaintiff argues that

21 the individual officers named in the Complaint have not

22 petitioned for bankruptcy and thus the suit against them in their

23 individual capacities is not barred by the City's bankruptcy.

24 Opp. at pp. 2-3.  Defendants' argument is that the City is

25 required to defend civil actions brought against its employees

26 for acts and omissions occurring within the scope of their

27 employment, regardless of whether they are sued in their official

28 or individual capacities, citing Cal. Gov't Code § 995 and

1  <u>Williams v. Horvath</u>, 16 Cal. 3d 834, 843 (1976).  Motion at pp.

2  8-9.  As a result, Defendants contend any judgment against the

3  officers in their individual capacities is in effect a judgment

4  against the City.  <u>Id.</u>

5       The Ninth Circuit has found that section 1983 claims against

6  public officials in their individual capacities are

7  distinguishable from claims against the employing public entity

8  regardless of California's indemnification laws.  <u>Demery v.</u>

9  <u>Kupperman</u>, 735 F.2d 1139, 1145-48 (9th Cir. 1984).  Furthermore,

10  "an award of damages against an official in his personal

11  capacity can be executed only against the official's personal

12  assets. . . ."  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).

13  California's indemnification is "a claim separate and apart from

14  the Section 1983 liability claim that underlies it."  <u>V.W.</u>, 2013

15  WL 3992403, at *7.

16       The City's discharge of its liabilities did not result in

17  discharge of the individual officers' liabilities as well.  <u>See</u>

18  <u>V.W.</u>, 2013 WL 3992403, at *7.  Whether the officers would have

19  valid indemnification claims against the City if Plaintiff were

20  to secure a judgment against them is an issue separate from those

21  before this Court.  Accordingly, Defendants' motion is denied

22  insofar as it attempts to dismiss the claims against the officers

23  in their individual capacities.

24

25                    III.    ORDER

26       Defendants' Motion for Judgment on the Pleadings is granted

27  as to Plaintiff's claims against the City and the officers in

28  their official capacities.  Those claims are dismissed with

1   prejudice.

2         Defendants' motion is denied to the extent it seeks to

3   dismiss the claims against the officers in their individual

4   capacities.

5         IT IS SO ORDERED.

6   Dated: September 5, 2013
                                        _____
                                        JOHN A. MENDEZ,
7                                       UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    7